IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**REGIONS BANK**     **PLAINTIFF**

**VERSUS**     **CIVIL ACTION NO. 2:10cv107KS-MTP**

**LAUREL SSA, LLC; RUFFIN BUILDING SYSTEMS;
A.R.M. ENTERPRISES, INC.; ROBINSON ELECTRIC
SUPPLY CO., INC.; JONES CONSTRUCTION COMPANY;
CAROTEX CONSTRUCTION, INC.; AND MARK MAYFIELD,
IN HIS CAPACITY AS TRUSTEE**     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Summary Judgment **[#52]** filed on behalf of the plaintiff, Regions Bank ("Regions"), a Cross-motion for/response to Summary Judgment **[#58]** filed on behalf of defendants Ruffin Building Systems ("Ruffin"), A.R.M. Enterprises, Inc. ("ARM) and Jones Construction Company ("Jones"), and on a Motion to Strike **[#61]** filed on behalf of Regions. The court, having reviewed the motions and supporting briefs, the responses, the pleadings and exhibits on file and being advised in the premises, finds that Regions' motion for summary judgment should be granted, that the defendants' cross-motion for summary judgment and Regions' motion to strike should be denied. The court specifically finds as follows:

## BACKGROUND

This is a judicial foreclosure action based on the default by Laurel SSA, LLC ("Laurel SSA" ), a Mississippi entity, on a promissory note executed in favor of Regions in excess of one million dollars which is secured by a Deed of Trust on real property

located in Laurel, Mississippi.  The funds provided by Regions were used to acquire the real property pledged as collateral under the Deed of Trust and to construct an office building for the General Services Administration.  Regions, which is not seeking a money judgment or deficiency in this action, seeks to have this court prioritize the defendants' purported liens in relation to the lien under Regions' Deed of Trust prior to the requested foreclosure sale.

Laurel SSA executed a Promissory Note to Regions in the principal amount of one million one hundred eighty-four thousand six hundred seventy-five dollars ($1,184,675.00) on March 7, 2006.  The funds from Regions were used to refinance real property owned in fee simple by Laurel SSA and to construct the new building.  Specifically, $194,371.30 went to pay off an existing mortgage held by JP Morgan Chase, and $18,419.34 went to pay settlement charges for the loan.  The Promissory Note is secured by a UCC Financing Statement and the aforementioned Deed of Trust on the subject property described as:

> A parcel of land lying in Block 3 of the Plant Addition to the City of Laurel and the Gulf and Ship Island Railroad right of way as per plat now on file in the office of the Chancery Clerk, Second Judicial District, Jones County, Mississippi, described as follows:
>
>> Commencing at the Southeast Corner of Block 3 of the Plant Addition to the City of Laurel, Second Judicial District, Jones County, Mississippi, thence run South 89 degrees 57 minutes 18 seconds West 122.37 feet along the South line of Block 3 for the Point of Beginning. Thence continue along said line South 89 degrees 57 minutes 18 seconds West 280.00 feet, thence run North 00 degrees 05 minutes 53 seconds West 280.00 feet, thence run East 17.07 feet, thence run South 49 degrees 00 minutes 00 seconds East 162.11 feet, thence run North 65 degrees 00 minutes 05 seconds East 155.19 feet, thence run South 00 degrees 05 minutes 53 seconds East 239.01 feet to the Point of Beginning.

Advances for the construction loan to Laurel SSA began on April 1, 2006, and continued through December 3, 2007.  The general contractor on the project was Carotex Construction, Inc. ("Carotex").  Through the course of the project, the loan was fully funded by the initial expenditure for the real property and for multiple construction draws.  Regions obtained field reports from its inspector, Building Consulting Services, as the project proceeded.

Laurel SSA is in default under its Promissory Note and corresponding Deed of Trust, and despite demand for payment, Laurel SSA has failed to honor its obligations, therefore Regions delivered a Notice of Default to Laurel SSA.  The total amount due to Regions is currently $1,142,062.35.

During the course of the project, certain subcontractors' invoices were not paid. On February 7, 2007, a Notice of Materialman' s Lien was filed in Jones County by Ruffin in the amount of $69,069.39 and recorded in Construction Lien Book 10, Page 48.  On April 13, 2007, a Notice of Contractor's Lien was filed by ARM in the amount of $34,284.00, and recorded in Jones County in Construction Lien Book 10, Page 112.  On September 7, 2007, a Notice of Materialman's Lien in the amount of $23,771.92 was filed by Robinson Electric Supply Company, Inc. ("Robinson Electric") in Construction Lien Book 10, Page 170. Finally, on September 14, 2007, a Notice of Laborer's Lien was filed by Jones Construction in the amount of $49,004.01, in Construction Lien Book 10, Page 174.  Regions asserts that it had no knowledge during the course of the project that the invoices of Ruffin, ARM Enterprises, Robinson Electric or Jones Construction were not paid and there is no proof to the contrary.

Ruffin obtained a federal court judgment in the amount of $91,483.14 against the

general contractor, Carotex, which was enrolled in the Jones County land records on August 18, 2009 against the Subject Property pursuant to the terms of the Judgment. ARM also obtained a Judgment against Carotex on December 14, 2009 in the amount of $45,630.00, from the County Court of Jones County, Mississippi, was enrolled with the Jones County Circuit Clerk.  Robinson Electric obtained a judgment from the Circuit Court of Forrest County, Mississippi in the amount of $25,929.28 against Laurel SSA, Victor Blackmon and CCI Electrical, Inc. dated January 1, 2009, and enrolled in the Jones County land records on February 13, 2009.  It is un-refuted that Regions was not made a party to any lawsuit by Ruffin, ARM Enterprises, Jones Construction or Robinson Electric regarding liens on the Subject Property or non-payment by Carotex or Laurel SSA.

On May 7, 2010, Regions filed their Complaint seeking to have this court prioritize the defendants' purported liens in relation to the liens under Regions' Deed of Trust and UCC Financing Statement prior to the requested foreclosure sale.  On July 6, 2010, Robinson Electric filed its Answer and Affirmative Defenses to Regions' Complaint.  On July 15, 2010, a Clerk's Entry of Default was entered against Laurel SSA, LLC for default for failure to appear, plead or otherwise defend in the litigation.  On July 19, 2010, Ruffin filed its Answer and Affirmative Defense to Regions' Complaint which also contained a Counterclaim to Enforce Security Agreement of Ruffin against Regions in which Ruffin requests to be allowed to remove the metal building constructed on the Subject Property.

On July 20, 2010, a Clerk's Entry of Default was entered against Carotex Construction, Inc. for default for failure to appear, plead or otherwise defend in the

Case 2:10-cv-00107-KS-MTP   Document 67   Filed 03/16/11   Page 5 of 15

litigation.  On August 5, 2010, Regions filed their Answer and Affirmative Defenses to the Counterclaim to Enforce Security Agreement of Ruffin.  On August 6, 2010, ARM Enterprises filed its Answer and included a Counterclaim against Regions and a Cross-Claim against Carotex Construction.  On August 20, 2010, Regions filed their Answer and Affirmative Defenses to the Counterclaim and Cross-Claims of ARM Enterprises.

Regions has now filed for summary judgment asking the court to hold that its lien is superior to any asserted by the defendants and to order a judicial foreclosure.  Ruffin, ARM and Jones responded to the motion and also moved to have the court grant summary judgment in their favor.  Robinson Electric has conceded Regions' motion and admits that Regions' lien is superior to its.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FRCP 56(c); and see *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a

genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role.  *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material."  *Id.*  "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment."  *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.  *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552."  *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion.  *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.

*Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

**ANALYSIS**

Regions first argues that it has a valid first lien on the subject property for the full amount of the indebtedness due it by Laurel SSA. To support its claim of entitlement to judgment, Regions asserts that all defendants claiming an interest in the subject property are subcontractors who have not properly perfected their liens. For the reasons stated hereinafter, the court agrees.

For this particular project, it is undisputed that Carotex was the general contractor. A general contractor is "the party to whom a building contract is charged with the total construction and who enters into subcontracts for such work as electrical, plumbing and the like." *Associated Dealers Supply, Inc. v. Mississippi Roofing Supply, Inc.*, 589 So. 2d 1245, 1247 (Miss. 1991). It is undisputed that the defendants in this case, Ruffin, ARM Enterprises, Robinson Electric and Jones Construction were all subcontractors under Carotex.

The court finds, that as subcontractors, the defendants are not within the class of persons entitled to file a lien against the Subject Property. Miss. Code Ann. § 85-7-141 allows "architects, engineers, surveyors, laborers, and materialmen and/or contractors" to secure a lien against the owner's property for services rendered and improvements constructed. Subcontractors' statutory remedies fall under the stop-notice statute that enables an unpaid subcontractor, materialman, or laborer to freeze funds due to the general contractor. *See* Miss. Code. Ann. § 85-7-181. Through that process, the defendants could have provided the owner, Laurel SSA, with written notice of the contractor's failure to pay and, upon giving such notice, the amount that may have been

due to Carotex would have been frozen in the hands of Laurel SSA, or placed in escrow, for full payment to the defendants. *See Cummings v. Davis*, 751 So. 2d 1055 (Miss. App. 1999) (citing William L. Smith, Boswell Stevens Hazard, Comment, *Mississippi Law Governing Private Construction Contracts: Some Problems And Proposals*, 47 Miss. L.J. 437, 448-49 (1975)).

These subcontractors did not utilize the protections afforded by § 85-7-181, therefore, the burden of this unfortunate loss is borne by them. Instead of using the subcontractor stop-notice protections, the defendants improperly filed liens as contractors under § 85-7-131. Accordingly, the alleged lien filings by each of the subcontractors did not constitute a valid and legally effective lien as contemplated under the statute.

The defendants argue that a stop-payment notice would have been ineffective because Carotex told the defendants that it was the owner of the Subject Property. However, the defendants fail to present any admissible factual basis for this assertion, and further, the defendants admit that Carotex was the general contractor.

In the most recent case on the stop notice provisions, the Mississippi Court of Appeals stated that

> At common law, subcontractors are common creditors of the contractor for whom they agree to provide materials or services. *Jones Supply Co. v. Ishee*, 249 Miss. 515, 527, 163 So. 2d 470, 475 (1964). No privity exists between a subcontractor and an owner. *Corrugated Indus., Inc. v. Chattanooga Glass Co.*, 317 So. 2d 43, 47 (Miss. 1975). But Mississippi Code Annotated section 85-7-181 (Rev. 1999) prescribes a remedy against the owner for a subcontractor "who may have furnished materials used in the erection, construction, alteration, or repair of any house" and who is not paid by the contractor. To exercise the remedy, the unpaid subcontractor must serve written notice of the debt upon the property owner, at which point "the amount that may be due upon the date of the

> service of such notice by such owner to the contractor or master workman, shall be bound in the hands of such owner for the payment in full, or if insufficient then pro rata, of all sums due such person...." Miss. Code Ann. § 85-7-181 (Rev. 1999). In other words, when the unpaid subcontractor gives written notice (commonly termed a "stop notice") to the owner, the subcontractor becomes entitled to payment from the owner up to the amount in which the owner is indebted to the general contractor as of the date the notice is served. *Id.*
>
> The service of the stop notice invokes the subcontractor's statutory remedy against the owner. *Id.* Absent such notice, an owner has no obligation to a subcontractor who has provided materials or services pursuant to an agreement with a contractor. *Corrugated Indus. Inc.*, 317 So. 2d at 47. And, if a subcontractor serves a stop notice after the owner has paid the contractor the full amount due under the contract, the owner is not liable to the subcontractor. *Id.*; Miss. Code Ann. § 85-7-181.

*Summerall Elec. Co., Inc. v. Church of God at Southaven*, 25 So. 3d 1090, 1092-93 (Miss. App. 2010) (citing *Timms v. Pearson*, 876 So. 2d 1083, 1086 (¶¶ 8-9) (Miss. App. 2004)).

Even if the court assumes that the liens filed by the defendants were valid contractor's liens, Mississippi statutory sections regarding the specific pleadings and remedies for a contractor to seek satisfaction by filing a contractor's lien are clear, and the filing of the lien is merely the first step to the statutory mandated procedure to pursue in Circuit Court.

> The above referenced Mississippi statutes indicate that obtaining redress for the non-payment of labor or materials furnished in the construction of a dwelling is a multi-step process. The lien is automatically created when labor or materials are furnished. (§ 85-7-131) This lien may be perfected as to third parties by filing a notice in the office of the chancery clerk of the county in which the dwelling is located. (§ 85-7-133) The lien is then enforced by filing a complaint in the circuit court of the county in which the dwelling is located. (§ 85-7-141) Once a judgment is obtained, a special writ of execution is issued. The special writ of execution allows the dwelling to be sold to satisfy the lien. (§ 85-7-155).

*In re Mitchell*, 276 B.R. 142, 147 (Bkrtcy. N.D. Miss. 2001).

In order to enforce a lien to satisfy the contractual debt, a contractor must file suit. When the suit is filed pursuant to the statute, "[a]ll persons having an interest in the controversy, and all persons claiming liens on the same property, by virtue of this chapter, shall be made parties to the suit…" Miss. Code Ann. § 85-7-143. Additionally, § 85-7-141 requires that suit be filed within twelve months after the time the amounts under the contract became due and Owing. Miss. Code Ann. § 85-7-141. *Dodds v. Cavett*, 97 So. 813 (Miss. 1923). Failure to file suit within this time period will result in the lien being extinguished. *Id*. *See also, King v. Hankins*, 209 So. 2d 190 (Miss. 1968); *Central Grain & Supply Co., Inc. v. Jesco, Inc.*, 410 So. 2d 879 (Miss. 1982).

Regions contends that the defendants did not follow the specific statutory framework, thus, each of their alleged liens should be held to be legally ineffective as of the filing date each was recorded or should be relegated and subordinate to the Regions Deed of Trust and UCC Financing Statement. Even though the court has concluded that none of the defendants were entitled to file their liens as contractors, the court will discuss the liens of each of the defendants in turn in order to fortify its conclusion that the liens are subordinate to that of Regions.

Ruffin was made a party to this judicial foreclosure action because it filed a construction lien against Carotex Construction on February 7, 2007 for $69,069.39. Ruffin then filed suit against Carotex, the general contractor. Neither Regions, nor any other party with an interest in the Subject Property was named as a defendant in the suit. The action was removed to federal court, and after default by the defendants, Ruffin obtained a summary judgment (uncontested by the opposing parties) and federal court Judgment against Carotex and Laurel SSA on August 5, 2009 in the amount of

$91,483.14. Ruffin's Judgment was enrolled with the Jones County Circuit Clerk on August 18, 2009. As stated, Regions was not made a party to Ruffin's lawsuit, therefore, Ruffin clearly failed to comply with the strict statutory requirements imposed upon a general contractor. Thus, even if Ruffin was properly entitled to file a contractor's lien, which the court has previously concluded that it is not, its alleged contractor's lien would be invalid for its failure to comply with the statutory framework.

ARM Enterprises was made a party to this judicial foreclosure action because it filed construction lien against Carotex Construction on April 13, 2007 for $34,284.00. ARM Enterprises also obtained a Judgment against Carotex on December 14, 2009 in the amount of $45,630.00, from the County Court of Jones County, Mississippi which was enrolled with the Jones County Circuit Clerk on December 14, 2009. The Judgment is not against Laurel SSA, nor does it state that it effects a lien against the Subject Property owned by Laurel SSA. Additionally, Regions was not made a party to the County Court action by ARM Enterprises against Carotex Construction.

ARM Enterprises, like Ruffin, was a subcontractor to Carotex, the general contractor. ARM Enterprises, also like Ruffin, did not follow the statutory stop-notice procedures for subcontractors, but instead filed an improper and legally ineffective contractor's lien. Though not entitled to, ARM Enterprises followed the statutory procedures set out for contractors and filed their Notice of Contractor's Lien on April 13, 2007. Thereafter, they filed a lawsuit in County Court for Jones County, Mississippi, but did not include Regions as a defendant, nor any other party with an interest in the Subject Property, to allow Regions an opportunity to be heard regarding its lien. Additionally, ARM Enterprises' Judgment against Carotex can not be a lien against the

Subject Property because the owner of the Subject Property is Laurel SSA, not the judgment debtor, Carotex.

Jones Construction is a party to this judicial foreclosure action because a Notice of Laborer's Lien was filed by Jones Construction on September 14, 2007 in Construction Lien Book 10, Page 174. Jones Construction is a subcontractor who did not avail itself of the Subcontractors' statutory remedies under the stop-notice statute that enables an unpaid subcontractor, materialman, or laborer to freeze funds due to the general contractor. *See* Miss. Code. Ann. § 85-7-181. Jones Construction did, however, improperly file a legally ineffective lien as a contractor under § 85-7-131 on September 14, 2007, just as Ruffin and ARM Enterprises did.

There is no indication that Jones Construction ever filed suit to perfect its improperly filed lien and no judgment was found in the public records of Jones County in favor of Jones Construction regarding the Laborer's Lien. Nor is there any record of a pending lawsuit by Jones Construction. The statutory limit of twelve months has passed thereby ending the time period for filing suit to enforce the lien. *See* Miss. Code Ann. § 85-7-131. Failure to file suit within this time period results in the lien being extinguished. *See King*, 209 So. 2d 190; *Central Grain & Supply Co., Inc.*, 410 So. 2d 879. The court finds that the improper, expired lien of Jones Construction can not take priority over the security interest of Regions.

The defendants make a couple of collateral arguments to support their response to Regions' motion which the court finds are unresponsive and not supported by the facts or evidence. First, defendants request "this court to rule that their liens have priority over that of Regions Bank because Regions did not use reasonable diligence to

see that the funds disbursed were actually used in the construction." However, all of the authorities relied upon by the defendants involve the scenario of a general contractor who has correctly preserved its rights under the statutory scheme for general contractors.

The court has found that the defendants are not general contractors, and the defendants, even if assumed to be general contractors, did not comply with the statutory scheme available to a general contractor, as stated above. Nor have the defendants presented any legal authority for the proposition that a mere judgment creditor has the right to assert a "reasonable diligence" argument to pre-empt the lien position of a secured creditor such as Regions in this factual scenario. Thus, the defendants have no standing to assert this argument, as Ruffin and ARM are mere judgment creditors and Jones is a mere unpaid subcontractor.

Second, Ruffin argues that it retains a security interest in the building on the Subject Property pursuant to the contract between Ruffin and Carotex and, alternatively, "asks this court to determine that the building is not a permanent fixture and can be removed." Ruffin's position is without merit, as the building is a fixture under Mississippi law and has become real property. *See, generally, Check Cashers Exp., Inc. v. Crowell*, 950 So. 2d 1035 (Miss. App. 2007). Additionally, Ruffin has admitted that it did not file a UCC-1 Financing Statement with respect to the materials used to construct the building which would have been required to perfect any such security interest. The defendants' other arguments are without merit as well and will not be discussed.

The court concludes that none of the defendants followed either statutory procedure set out for sub-contractors or contractors. Thus whatever interests the

defendants have in the Subject Property are inferior to the perfected first security interest and lien of Regions. Therefore, Regions is entitled to judgment as a matter of law as to the priority of its Deed of Trust and UCC Financing Statement for foreclosure.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#52]** filed on behalf of the plaintiff, Regions Bank is granted, that Regions has a first priority security interest in the Subject Property as to all defendants and is entitled to proceed with a judicial foreclosure of the Subject Property.

IT IS FURTHER ORDERED AND ADJUDGED that the Cross-motion for Summary Judgment **[#58]** filed on behalf of defendants Ruffin Building Systems, A.R.M. Enterprises, Inc. and Jones Construction Company is denied and the Motion to Strike **[#61]** filed on behalf of Regions is denied as moot.

IT IS FURTHER ORDERED AND ADJUDGED that Regions shall furnish within ten days a proper judgment in conformity with this Order which contains a time line for the completion of the judicial foreclosure action.

SO ORDERED AND ADJUDGED this the 16th day of March, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE